# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

BOBBY LEE MURPHY, #1384140 §
§ Civil Action No. 4:15-CV-435
v. § *Consolidated with* 4:15-CV-468
§
DIRECTOR, TDCJ-CID §
§

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The above-entitled and numbered civil action was referred to United States Magistrate Judge Kimberly C. Priest Johnson, who issued a Report and Recommendation (Dkt. #26) concluding that Movant's § 2254 petitions (Dkt. #1) should be denied and the cases dismissed with prejudice. The Report and Recommendation, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Petitioner filed timely objections to the Report and Recommendation. Petitioner appears to object to the Magistrate Judge's characterization of his claims and her finding that Petitioner failed to show he is actually innocent.[1]

In the Report and Recommendation, the Magistrate Judge found that Petitioner failed to show actual innocence and Petitioner's argument that a "key eye-witness testimony was fabricated[]" unavailing. Petitioner states that the Magistrate Judge misstates his claim, because he actually alleges that Texas Ranger Bennie fabricated the report regarding the incident. *See* Dkt.

---

[1] Petitioner also alleges the Magistrate Judge "raises the AEDPA issue in itself but does not relate to my first ground of miscarriage of justice." Dkt. #23 at 1. In his Petition, Petitioner labels ground one as "Actual Innocence/Miscarriage of Justice." The two terms are often used interchangeably. *See Calderon v. Thompson*, 523 U.S. 538, 559 (1998) ("'The miscarriage of justice exception is concerned with actual as compared to legal innocence.' We have often emphasized 'the narrow scope' of the exception. 'To be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial. Given the rarity of such evidence, 'in virtually every case, the allegation of actual innocence has been summarily rejected.'").

##1 at 7, 28 at 1-2. The key eyewitness referred to in the Magistrate Judge's Report and Recommendation, however, is Officer Dean. Petitioner's claims, in effect, allege that Texas Ranger Bennie fabricated the eyewitness account of Officer Dean in order to unlawfully indict Petitioner. This "invalid indictment[,]" Petitioner alleges, "makes my factual innocence claim meritable and true." Dkt. #28 at 2. After a de novo review of the record, the Court concludes that the findings and conclusions of the Magistrate Judge are correct, and adopts the same as the findings and conclusions of the Court.

Petitioner does point to an alleged discrepancy in the wording of the indictment as compared to Officer Dean's account, as reported, to Texas Ranger Bennie and to the testimony prior to trial. The evidence Petitioner provides to prove his allegations, however, is not new. Further, Petitioner has not shown that the statement made to Ranger Bennie is actually inconsistent with the indictment,[2] or that Ranger Bennie or the District Attorney's Office purposely fabricated Officer Dean's statement when preparing the indictment. Regardless, even assuming the statement was fabricated in the production of the indictment, whether Petitioner pointed the gun at an officer is inconsequential as to his guilt of Texas Penal Code § 19.03(a)(1). *See Guerra v. State*, 2009 Tex. App. LEXIS 8235 *6-9 (Tex. App. – San Antonio 2009) (upholding the conviction of the defendant who did not point a loaded weapon at the officer, because the "essential elements of attempted capital murder [are a]. . . : (1) [defendant], (2) acting with the specific intent to kill [an officer], (3) while [an officer] was discharging a lawful duty, (4) knowing [the officer] was a peace officer, (5) committed an act amounting to more than mere preparation that tended but failed to

---

[2] Officer Dean's statement to Ranger Bennie states, "[b]ecause of Murphy's actions, I feared for my safety and the safety of the other officers and civilians at the scene." Dkt. #28-1 at 3. Officer Dean, in Ranger Bennie's report, does not appear to describe these "actions." *Id.* Therefore, depending on any further unrecorded statement, the statements could be consistent with either the wording of the indictment or the testimony at Petitioner's pretrial release hearing.

effect the offense of capital murder."). Thus, as the Magistrate Judge concluded, Petitioner has not shown he is actually innocent. Therefore, the petition is time barred.

It is accordingly **ORDERED** Petitioner's § 2254 petitions (Dkt. #1) are **DISMISSED** with prejudice.

**SIGNED this 4th day of January, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE